UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

REINALDO CLAUDIO,

        Petitioner,        Case No. 1:09-cv-94

v.        Honorable Paul L. Maloney

MARY BERGHUIS,

        Respondent.
_____/

## OPINION

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. This matter presently is before the Court upon Petitioner's motion to hold the petition in abeyance pending exhaustion of his state-court remedies (docket #4). For the reasons stated below, Petitioner's motion for a stay of the proceedings will be granted.

### Factual Allegations

Petitioner is incarcerated in the E.C. Brooks Correctional Facility. He was convicted in the Kent County Circuit Court of assault with intent to do great bodily harm and first-degree home invasion. On June 1, 2006, the trial court sentenced him to imprisonment of five to fifteen years for the assault conviction and nine to thirty years for the home invasion conviction. The Michigan Court of Appeals affirmed Petitioner's conviction on December 18, 2007, and the Michigan Supreme Court denied his application for leave to appeal on April 28, 2008.

Petitioner now raises the following grounds for habeas corpus relief in his amended petition (docket #11):

> I. The prosecutor failed to present sufficient evidence to support the jury's finding of guilt on the charge of assault with intent to commit great bodily harm.
>
> II. The prosecutor failed to present sufficient evidence to support the jury's finding of guilt on the charge of first-degree home invasion.
>
> III. The trial court violated Petitioner's right to due process rights by allowing the prosecutor to amend the information to change the charge of third-degree home invasion to first-degree home invasion without providing notice or holding an arraignment hearing on the increased charge.
>
> IV. Defense counsel was ineffective when he failed to challenge the admission of the knife that allegedly was used to stab the victim.

Petitioner claims that he raised grounds I, II and IV on direct appeal before the Michigan Court of Appeals and the Michigan Supreme Court, but he raised Ground III for the first time in the Michigan Supreme Court.

**Discussion**

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971), *cited in Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review

process." *O'Sullivan*, 526 U.S. at 845.  The district court can and must raise the exhaustion issue *sua sponte*, when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138-39.

Petitioner bears the burden of showing exhaustion.  *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).  Petitioner claims that he raised grounds I, II and IV on direct appeal before the Michigan Court of Appeals and the Michigan Supreme Court.  Accordingly, those claims are properly exhausted.  Petitioner, however, states in amended petition and his motion to stay that he raised Ground III for the first time in his application for leave to appeal before the Michigan Supreme Court.  Presentation of an issue for the first time on discretionary review to the state supreme court does not fulfill the requirement of "fair presentation."  *Castille v. Peoples*, 489 U.S. 346, 351 (1989).  Applying *Castille*, the Sixth Circuit holds that a habeas petitioner does not comply with the exhaustion requirement when he fails to raise a claim in the state court of appeals, but raises it for the first time on discretionary appeal to the state's highest court.  *See Dunbar v. Pitcher*, No. 98-2068, 2000 WL 179026, at *1 (6th Cir. Feb. 9, 2000); *Miller v. Parker*, No. 99-5007, 1999 WL 1282436, at *2 (6th Cir. Dec. 27, 1999); *Troutman v. Turner*, No. 95-3597, 1995 WL 728182, at *2 (6th Cir. Dec. 7, 1995); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990); *accord Parkhurst v. Shillinger*, 128 F.3d 1366, 1368-70 (10th Cir. 1997); *Ellman v. Davis*, 42 F.3d 144, 148 (2d Cir. 1994); *Cruz v. Warden of Dwight Corr. Ctr.*, 907 F.2d 665, 669 (7th Cir. 1990); *but see Ashbaugh v. Gundy*, 244 F. App'x 715, 717 (6th Cir. 2007) (declining to reach question of whether a claim raised for the first time in an application for leave to appeal to the Michigan Supreme Court is exhausted).  Unless the state supreme court actually grants leave to appeal and reviews the issue, it

remains unexhausted in the state courts. Petitioner's application for leave to appeal was denied, and, thus, the issue was not reviewed. Consequently, Ground III is unexhausted.

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Petitioner has at least one available procedure by which to raise the unexhausted issues he has presented in this application. He may file a motion for relief from judgment under MICH. CT. R. 6.500 *et. seq*. Under Michigan law, one such motion may be filed after August 1, 1995. MICH. CT. R. 6.502(G)(1). Because Petitioner has not yet filed his one allotted motion, he may raise Ground III in a motion for relief from judgment.

Because Petitioner has some claims that are exhausted and some that are not, his petition is "mixed." Under *Rose v. Lundy*, 455 U.S. 509, 22 (1982), district courts are directed to dismiss mixed petitions without prejudice in order to allow petitioners to return to state court to exhaust remedies. However, since the habeas statute was amended to impose a one-year statute of limitations on habeas claims, *see* 28 U.S.C. § 2244(d)(1), dismissal without prejudice often effectively precludes future federal habeas review. This is particularly true after the Supreme Court ruled in *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001), that the limitations period is not tolled during the pendency of a federal habeas petition. As a result, the Sixth Circuit adopted a stay-and-abeyance procedure to be applied to mixed petitions. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). In *Palmer*, the Sixth Circuit held that when the dismissal of a mixed petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court. *Id.*; *see also Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002).

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under § 2244(d)(1)(A), the one-year limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Petitioner appealed his conviction to the Michigan Court of Appeals and Michigan Supreme Court. The Michigan Supreme Court denied his application on April 28, 2008. Petitioner did not petition for certiorari to the United States Supreme Court, though the ninety-day period in which he could have sought review in the United States Supreme Court is counted under § 2244(d)(1)(A). *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on July 28, 2008. Accordingly, Petitioner has one year, until July 28, 2009, in which to file his habeas petition. Petitioner timely filed the instant petition on February 2, 2009.[1]

Because Petitioner has less than ninety days left in the limitations period, a dismissal of the petition without prejudice for lack of exhaustion could jeopardize the timeliness of any subsequent petition. *Palmer,* 276 F.3d at 781. The Supreme Court has held, however, that the type of stay-and-abeyance procedure set forth in *Palmer* should be available only in limited circumstances because over-expansive use of the procedure would thwart the AEDPA's goals of achieving finality and encouraging petitioners to first exhaust all of their claims in the state courts. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005). In its discretion, a district court contemplating stay and abeyance should stay the mixed petition pending prompt exhaustion of state remedies if there is "good cause" for the petitioner's failure to exhaust, if the petitioner's unexhausted claims are not

---

[1]Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002); *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). Petitioner dated his application on February 2, 2009, and it was received by the Court on February 5, 2009. Thus, it must have been handed to prison officials for mailing at some time between February 2 and 5. For purposes of this opinion, the Court has given Petitioner the benefit of the earliest possible filing date.

"plainly meritless" and if there is no indication that the petitioner engaged in "intentionally dilatory litigation tactics." *Id.* at 278.  Moreover, under *Rhines*, if the district court determines that a stay is inappropriate, it must allow the petitioner the opportunity to delete the unexhausted claims from his petition, especially in circumstances in which dismissal of the entire petition without prejudice would "unreasonably impair the petitioner's right to obtain federal relief."  *Id.*

In his motion to stay, Petitioner claims that he asked his appellate counsel to raise Ground III on direct appeal, but counsel refused to do so.  This Court finds that Petitioner has provided good cause for his failure to present his claim on direct appeal.  The Court also finds that Ground III is not plainly meritless and that Petitioner has not engaged in intentionally dilatory litigation tactics.  Accordingly, the Court will grant Petitioner's motion to stay the petition pending exhaustion of Ground III in the state courts.  Petitioner will be required to comply with the time requirements set forth in the accompanying Order.

An Order consistent with this Opinion will be entered.


Dated:   May 4, 2009                             /s/ Paul L. Maloney
                                                 Paul L. Maloney
                                                 Chief United States District Judge